Aaron J. Reed (SBN: 033120)
**CATES & GARVEY, PLC**
Attorneys At Law
2111 E. Highland Ave., Suite 135B
Phoenix, Arizona 85016
Telephone: (602) 296-3434
Aaron@CatesGarvey.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Chris Oliver,<br><br>Defendant. | Case No.: 2:21-CR00600-PHX-DLR(DMF)<br><br>**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S ORAL MOTION FOR DETENTION PENDING TRIAL** |

**COMES NOW**, Defendant, CHRIS OLIVER, by and through undersigned Counsel, Aaron J. Reed, Esq., hereby files this Response to the Government's Oral Motion for Detention Pending Trial. This Response is based on the attached Memorandum of Points and Authorities and any supplemental oral argument presented at the time of the Detention Hearing.

**RESPECTFULLY SUBMITTED** this 16th day of August, 2021.

CATES & GARVEY PLC

BY: /s/ Aaron J. Reed
Aaron J. Reed
*Attorney for Defendant*

///

///

**MEMORANDUM OF POINTS & AUTHORITIES**

Chris Oliver has lived in the Phoenix Area for over 11 years. Mr. Oliver's mother, Geneva Granberry also lives in the Phoenix Area. Mr. Oliver has no criminal convictions and has never been involved in a felony criminal matter.[1]

Mr. Oliver is requesting that he be released to the third-party custody of his mother, Geneva Granberry. Ms. Granberry is willing to allow Mr. Oliver to reside with her at her home in Gilbert, Arizona. Ms. Granberry would accept full responsibility for Mr. Oliver and would work with United States Pre-Trial Services if Mr. Oliver violates any conditions of his release. Ms. Granberry has full confidence in Mr. Oliver following all of the conditions imposed should he be released from custody pending trial.

Mr. Oliver would agree with any and all of the recommended release conditions contained in the Pre-Trial Services report in addition to any other conditions of release this Court finds appropriate. Mr. Oliver is not a flight risk and does not possess the financial capabilities to flee the country. There is no presumption of detention in this case and the release conditions recommended by Pre-Trial Services should be more than enough to ensure Mr. Oliver's appearance in court.

**I. LIBERTY IS FAVORED OVER DETENTION PRIOR TO TRIAL EXCEPT IN LIMITED CIRCUMSTANCES.**

"[L}iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755, 107 S.Ct. 2095, 2105, 95 L.Ed.2d 697 (1987). Further, the release of a defendant pending trial is the rule, not the exception, and the Government must overcome the rebuttable presumption of release by showing that no combination of release conditions can reasonably assure the appearance of the defendant at trial, or that the defendant's release will endanger the safety of a person or the community at large. *See,* 18 U.S.C. 3142

When determining if there are conditions of release that would reasonably assure the appearance of the defendant and also provide safety to the community, the Court turns to a number of factors. *United States v. Motamedi,* 767 F.2d 1403, 1407 (9th Cir. 1985). Those factors are as follows: (1) nature and seriousness of the offense charged; (2) weight of evidence against the defendant; (3) defendant's

[1] Mr. Oliver has two pending misdemeanor cases in Scottsdale City Court.

character; (4) physical and mental conditions; (5) family and community ties; (6) past conduct; (7) history relating to drug and alcohol abuse; (8) criminal history; and (9) nature and seriousness of danger to any person or community that would be posed by defendant's release. *Id.* The Government bears the burden of showing that no set of conditions can be imposed that would reasonably ensure the defendant's appearance at trial and ensure the safety of the community at large. Based on the above listed factors, the Government cannot meet their burden in this case and Mr. Oliver must be released pending trial.

## II. THE *MOTAMEDI* FACTORS OVERWHELMINGLY FAVOR MR. OLIVER'S RELEASE FROM CUSTODY PENDING TRIAL.

### A. *Nature and Seriousness of the Offense Charged*

In this case, Mr. Oliver has been indicted on 65 separate counts, including one count of conspiracy to make false statements in acquisition of a firearm; one count of dealing firearms without a license; and 63 counts of making a false statement during the purchase of a firearm. These charges **do not** give rise to a presumption of detention prior to trial. 18 U.S.C. 3142(e).

### B. *Weight of Evidence Against Defendant*

This is the least important factor when determining release conditions, according to the Ninth Circuit Court of Appeals. *See. United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). The court in *Honeyman* determined that by making this factor the least important factor, it guards against a preliminary determination of guilt which would lead to a form of punishment by having the defendant detained pre-trial. *Motamedi*, 767 F.2d at 1408. "The factor may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community". *Id.* This court has previously released defendants pending trial that are charged with much more severe offenses. *See United States v. Armstrong,* 2010 WL 5102203 (D. Ariz. 2010) (granting the defendant pre-trial release who was charged with multiple counts of armed robbery that were captured on surveillance videos).

In this case, the Defense has not yet received any evidence other than a Pre-Trial Services report and the Indictment. Mr. Oliver is charged with putting the wrong address on the ATF Form 4473 in addition to stating that he was the actual buyer of the firearm and not purchasing for another person on

one occasion. These offenses are not dangerous offenses. Nobody was harmed during these alleged offenses and based on the charges alone, there is a presumption in favor of releasing Mr. Oliver pending trial.

C. *Defendant's Family and Community Ties*

Mr. Oliver has resided in the Phoenix Area for 11 years. Mr. Oliver's mother, Geneva Granberry, resides in Gilbert, Arizona, which is right up the street from Mr. Oliver's listed address. Pre-Trial Services was able to contact Ms. Granberry and she told them that she was willing to accept third-party custody of Mr. Oliver pending trial and that he is welcome to live at her house.

Further, Mr. Oliver does not own a passport and has rarely traveled outside of Arizona during his 11 years living here. Mr. Oliver is not currently employed, as he was laid off due to the Coronavirus pandemic. Prior to being laid off Mr. Oliver was employed by Ancora Education as a financial aid assistant for approximately one (1) year. Prior to that, Mr. Oliver was employed at Republic Services for two (2) years and as a cellular phone representative for 18 months prior to working with Republic Services. Mr. Oliver has been seeking gainful employment, and will continue to do so if he is released from custody.

D. *Defendant's Past Conduct Relating to Drugs and Alcohol* and Criminal History

Mr. Oliver has no history of drug or alcohol abuse. He has never been arrested or investigated for any offenses involving drugs or alcohol and has never had any issues with any illicit substances.

Mr. Oliver has never been investigated or convicted of any felony conviction and at the time of this Motion, has never been convicted of any crime. It should be noted that Mr. Oliver has two (2) pending misdemeanor cases out of the Scottsdale City Court. It is anticipated that those cases will resolve shortly after being released from custody.

Mr. Oliver's lack of criminal history and lack of history with drug and alcohol abuse weighs heavily in favor of pre-trial release.

E. *Nature and Seriousness of Danger to Any Person or Community*

Mr. Oliver is charged with non-violent, non-dangerous crimes involving the wrong address on the ATF Form 4473. Nobody was physically, mentally or verbally harmed or abused during these offenses and the community would not be any safer with Mr. Oliver in custody pending trial. There are

a number of combinations of release conditions that would reasonably ensure Mr. Oliver's appearance at all future proceedings, including releasing him to the custody of his mother, placing a Global Positioning System (GPS) on his person to track his location and any other conditions that the Court deems necessary.

## III. MR. OLIVER IS NOT A FLIGHT RISK NOR A DANGER TO THE COMMUNITY OR ANYONE THEREIN.

Courts across the United States regularly determine that there is a strong presumption against pre-trial detention in favor of pre-trial release, even in cases where the Government is seeking detention. *See United States v. Hanson*, 613 F. Supp. 2d 85, 87 (D.C. 2009); *United States v. Karni*, 298 F. Supp. 2d 129 (D.C. 2004).

In *Karni,* the defendant was released from custody pending trial and he was an Israeli national living in South Africa. The risk of the defendant fleeing was certainly much higher in *Karni* than it is in this case. Mr. Oliver has only been outside of the United States once. This was a family trip to the Bahamas nine (9) years ago when he was 14 years-old. Mr. Oliver has no ties with anyone from any other country other than the United States.

Mr. Oliver does not have the financial means to flee the United States pending trial. Currently, he is collecting unemployment in the amount of $860 per week and is also receiving food stamp allowance in the amount of $190. Mr. Oliver is still responsible for paying rent at his apartment, even if he is released to the custody of his mother. His mother will not charge him rent and she is ready, willing and able to accept Mr. Oliver into her home and monitor him during the pendency of his legal proceedings.

There are no allegations of violence in this case and nobody was hurt or harmed during the alleged events in this case and Mr. Oliver does not pose a risk to any particular individual within the community or the community itself.

## IV. CONCLUSION

The Government cannot meet their burden of proving that Mr. Oliver poses a flight risk or that he is a danger to anyone within the community. There are a number of combinations of release conditions that can be imposed that would ensure the appearance of Mr. Oliver at trial while also

protecting the community from any potential harm. Pre-Trial Services also is recommending that Mr. Oliver be released pending trial. The Defense would agree with all of the conditions that Pre-Trial Services is seeking in addition to any other conditions the Court would impose. Mr. Oliver deserves to be released pending trial based on the factors listed above and based on legal precedent.

RESPECTFULLY SUBMITTED this 16th day of August, 2021.

**CATES & GARVEY, PLC**

BY: /s/ Aaron J. Reed
Aaron J. Reed
Attorney for Defendant

///

///

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 16th day of August, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ H. Babel