Aaron J. Reed (SBN: 033120)
**RYAN GARVEY ATTORNEYS, PLC**
Attorneys At Law
211 E. Highland Ave., Ste. B135
Phoenix, Arizona 85016
Telephone (602) 296-3434 Fax (480) 905-3166
Aaron@RyanGarveyAttorneys.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Christopher Oliver,<br>Defendant. | Case No: 2:21-CR-00600-DLR-1<br>**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**<br>(Sentencing: October 17, 2022) |

Defendant, Christopher Oliver, by and through undersigned counsel Aaron J. Reed of the Ryan Garvey Attorneys, PLC, hereby submits his Objections to the Presentence Investigation Report ("PSR").

Mr. Oliver objects to paragraphs 97 and 114 of the PSR. Adult Probation is attempting to impose a four level increase in the sentencing computation based on USSG §2K2.1(b)(6)(A). This four level increase is completely inappropriate and is not supported by any verifiable facts to suggest Mr. Oliver was ever knowingly in possession of ammunition while crossing the southern border.

The PSR mentions that Mr. Oliver was driving a car with two other individuals (Leon John and Doran Ruhl) when one of the Customs and Border Patrol Agents ("CBP") found one round of ammunition while attempting to cross into Mexico.

The details surrounding this incident are incomplete in the PSR and misstate what actually happened. While at the checkpoint, the car was searched by CBP and one bullet was found in the car. The PSR makes no mention as to where the bullet was found inside of the car and does not determine if Mr. Oliver had actual knowledge that the bullet was there, which would be required to show that he possessed it. Furthermore, no DNA or fingerprint testing was conducted on the alleged

bullet to confirm whether Mr. Oliver ever actually possessed the single piece of ammunition that was located by CBP.

The only possible way the Adult Probation Department could recommend the four level increase under USSG §2K2.1(b)(6)(A) would be under a theory of constructive possession. Constructive possession is proven when the government shows "a sufficient connection between the defendant and the contraband to support the inference that the defendant *exercised dominion and control over the substance.*" *United States v. Disla,* 805 F.2d 1340, 1350 (9th Cir. 1986) (emphasis added). It is not the same as simply knowing the contraband is nearby. *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990). There must be a sufficient nexus between the defendant and the contraband that it would be reasonable to treat the dominion or control as actual possession. *United States v. Cousins,* 427 F.2d 382, 384 (9th Cir. 1970) *citing United States v. Casalunuovo*, 350 F.2d 207, 209-11 (2nd Cir. 1965).

The facts of *Terry* suggest that constructive possession existed because the contraband (a shotgun) was located in a closet that the defendant shared with his wife and the two of them were the only occupants of the house. *Terry*, 911 F.2d at 383. Further, the defendant in *Terry* had reason to know where the shotgun was located and could exercise control over it at any time.

In this case, the nexus between the bullet inside of the car and Mr. Oliver does not exist beyond the fact that Mr. Oliver was simply near the bullet (which is not enough based on precedent set in *Terry*). There is nothing to support that Mr. Oliver knew the bullet was there, nor is there anything to support the finding that he could exercise dominion or control over the bullet at any time. There was no chemical testing or any other type of forensic testing conducted to determine if Mr. Oliver had in fact touched the bullet or possessed it. Prior to getting inside of the car, Mr. Oliver searched the car himself and never saw, or located, any bullet, other ammunition, weapon, or weapon accessory inside of the car. Mr. Oliver never had the intention to possess ammunition and cross into Mexico. It was simply an oversight that was remedied by CBP during the search of the car. Mr. Oliver went back through the checkpoint and was allowed to enter into Mexico without incident.

Additionally, Counsel was able to speak with both of the passengers inside of the car, Doran Ruhl and Leon Morgan, and both of them confirmed that they assisted Mr. Oliver in cleaning out the

car prior to their trip to Mexico. This was done because none of the people inside of the car, including Mr. Oliver, wanted to possess any ammunition or guns while crossing into Mexico. This clearly shows that Mr. Oliver never intended to possess any ammunition during the crossing and supports Mr. Oliver's request by this Court to not impose the four (4) level increase under USSG §2K2.1(b)(6)(A).

The proposed four (4) level increase under USSG §2K2.1(b)(6)(A) is unwarranted and is not supported by any facts. This Court should put no weight on the recommendation in the PSR as to this enhancement and Mr. Oliver's true guideline calculation should be level 20.

RESPECTFULLY SUBMITTED this 21st day of September, 2022.

RYAN GARVEY ATTORNEYS, PLC

/s/ AARON J. REED
AARON J. REED, Esq.
Attorney for Defendant

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of September, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.